FILED
11/09/2020
*Shirley Faust*
CLERK
Missoula County District Court
STATE OF MONTANA
By: Emily Baze
DV-32-2020-0001440-BC
Halligan, Leslie
1.00

Rex Palmer
Lincoln Palmer
ATTORNEYS INC., P.C.
301 W Spruce
Missoula, MT  59802
(406) 728-4514
firm@attorneysincpc.com
lpalmer@attorneysincpc.com
ATTORNEYS FOR PLAINTIFF

MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY

| | |
|---|---|
| Sharon Laramie,<br>    *Plaintiff*,<br>v.<br><br>Standard Insurance Company,<br>    *Defendant*. | Dept. No. _____<br><br>Cause No. _____<br><br>***COMPLAINT***<br>***AND JURY DEMAND*** |

\* \* \* \* \*

## COMPLAINT

COMES NOW Plaintiff, by and through her attorney, Lincoln Palmer of the firm Attorneys Inc., P.C., and for her Complaint against the Defendant states the following:

1. Plaintiff ceased work on or about June 20, 2016. Plaintiff has not worked since June 20, 2016 because she is not physically able to. Plaintiff was employed by the Montana University System.

2. As a benefit of her employment, Plaintiff participated in and paid for a long

term disability insurance plan from Defendant. This plan was designed to protect Plaintiff's income in the event she became disabled.

3. Plaintiff was diagnosed with a herniated lumbar disc with radiculopathy. Plaintiff suffered pain from her sciatic nerve, radiating to her left leg, foot, ankle, and toes. Twice Plaintiff underwent lumbar spine surgery.

4. Plaintiff requested that Defendant pay the benefits due her under the policy.

5. Defendant correctly paid benefits under the insurance policy during the "Own Occupation Period."

6. Defendant then denied benefits during the "Any Occupation Period."

7. Defendant denied these benefits despite Plaintiff being disabled from "all occupations" as defined in the policy. Plaintiff is entitled to benefits during the "Any Occupation Period" of the policy.

8. The Social Security Administration, through an Administrative Law Judge, determined Plaintiff had "severe impairment," concluding: "Considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant can perform."

9. Defendant committed breach of contract by not paying benefits due Plaintiff.

10. By refusing to pay benefits due based upon the available information, Defendant violated the following provisions of the Unfair Trade practices Act which was enacted for the benefit and protection of persons such as Plaintiff and which expressly forbids an insurer to do any of the following:

>Mont. Code Ann. § 33-18-201....
>
>>(1)  Misrepresent pertinent facts or insurance policy provisions relating to coverages at issue;
>>.....
>>(4)  Refuse to pay claims without conducting a reasonable investigation based upon all available information;
>>....
>>(6)  Neglect to attempt in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonable clear;

11. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained substantial compensable losses, including lost interest on delayed payment of benefits claimed and other economic losses, including attorney fees, the value of Plaintiff's time in prosecuting this action, and other incidental expenses and she has suffered emotional distress, anger, disappointment and worry, all to Plaintiff's detriment and damage in an amount not fully ascertained.

12. The actions of Defendant constitute actual malice justifying an award of punitive damages in that Defendant made representations with knowledge of their falsity and had knowledge of facts and intentionally disregarded facts which created a high probability of injury to the Plaintiff and deliberately proceeded to act in conscious or intentional disregard of, or indifference to, the high probability of injury to the Plaintiff.

13. At all material times and in doing the things alleged herein, Defendant knew that it was obligated to pay Plaintiff additional benefits.  Nevertheless, acting oppressively, maliciously and outrageously toward Plaintiff and in

violation of its statutory and common law duties to Plaintiff, with conscious disregard of its obligation of good faith and fair dealing to Plaintiff and of its fiduciary duties to Plaintiff and to Plaintiff's known rights and in accordance with their general business practices and with the intention of wrongfully interfering with Plaintiff's prospective economic advantage and property interest in such benefits and of intentionally causing unjust and cruel hardship and severe emotional distress to Plaintiff, Defendant withheld benefits as alleged. In so acting, Defendant acted to and did vex, injure and annoy Plaintiff.

14. Defendant's actions, as alleged herein, including but not limited to refusing to pay full benefits, are and continue to be wrongful, unreasonable and malicious breaches of duties which Defendant owed and continues to owe to Plaintiff and are and continue to be inconsistent with and contrary to Defendant's representations in their advertising communications and solicitations presented to the public and their insureds. To the extent that Defendant's actions are inconsistent with and contrary to the representations in their advertising communications and solicitations presented to the public and their insureds, the representations are untrue and misleading and a cause of damage to Plaintiff.

WHEREFORE, Plaintiff requests the following relief:

1. The full benefits due under the insurance contract;
2. Compensatory damages, i.e., special and general damages for the distress and aggravation caused by Defendant's conduct and claims handling

practices in refusing to pay full benefits;

3. Punitive and exemplary damages in a sum which will be proved at trial;

4. Interest on all benefits which Defendant refused to pay and on all other damages awarded in this action;

5. Reasonable attorney fees incurred to establish entitlement to benefits as alleged herein; and

6. Costs of suit herein expended and such other and further relief as the Court and jury deem just and proper.

## DEMAND FOR JURY TRIAL

PLAINTIFF demands a trial by jury for all issues so triable.

DATED this 9th day of November, 2020.

*Lincoln Palmer*

Lincoln Palmer
ATTORNEYS INC., P.C.
301 W Spruce
Missoula, MT 59802
(406) 728-4514
lpalmer@attorneysincpc.com
ATTORNEYS FOR PLAINTIFF